UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KRISTOPHER LAMBRIGHT,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-553-PPS-MGG

INDIANA DEPARTMENT OF
CORRECTION,

Defendant.

OPINION AND ORDER

Kristopher Lambright, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Lambright alleges that he has not been provided a kosher diet since his arrival at the Westville Correctional Facility on May 9, 2018. He alleges that the Department of Correction maintains a policy of requiring prisoners identifying as

Orthodox Jews to submit kosher diet requests to a committee for a sixty-day review process. Lambright's application had been pending for sixty-seven days as of the date he filed the complaint. He seeks money damages and an injunction requiring the Department of Correction to provide a kosher diet.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Additionally, the Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Though money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Here, Lambright has named only the Department of Correction as a defendant. However, the Department of Correction is not a suable entity. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Nevertheless, the court will allow Lambright to proceed on his claim for injunctive relief under RLUIPA. Because this claim requires an official with the authority to implement the requested injunctive relief, the Commissioner of the Indiana Department of Correction will be added as a defendant.

However, to state a claim under the First Amendment, Lambright must amend his complaint because § 1983 imposes liability only for violations of constitutional rights committed by persons acting under color of state law. Thus, to state a claim for money damages, Lambright must name the individual or individuals responsible for the violation in their individual capacity. To state a claim for injunctive relief, Lambright must name the same individuals in their official capacity. If Lambright opts not to file an amended complaint, his claims as outlined in this Order, but no others, will proceed.

For these reasons, the court:

(1) DIRECTS the clerk to add the Commissioner of the Indiana Department of Correction as a defendant;

(2) GRANTS Kristopher Lambright leave to proceed on an injunctive relief claim against the Commissioner of the Indiana Department of Correction in his official capacity to provide a kosher diet as required by the Religious Land Use and Institutionalized Persons Act;

(3) DISMISSES the Indiana Department of Correction;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Commissioner of the Indiana Department of Correction at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Commissioner of the Indiana Department of Correction to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

(7) GRANTS Lambright until August 30, 2018 to file an amended complaint.

SO ORDERED on July 31, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT