UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KRISTOPHER LAMBRIGHT,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-553-PPS-MGG

INDIANA DEPT. OF CORRECTION, et al.,

Defendants.

OPINION AND ORDER

Kristopher Lambright, a prisoner with a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Lambright alleges that Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham enforced a policy requiring inmates seeking kosher diets to submit an application for committee review. A kosher diet is a

part of Lambright's religious practice as an Orthodox Jew, and the application process prevented him from receiving a kosher diet from May 9, 2018, to August 12, 2018. Lambright asserts that this delay constituted a violation of his rights under the Free Exercise Clause. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532, (1993). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987) *Kaufman v. McCaughtry*, 419 F.3d 678, 682 (7th Cir. 2005). Lambright plausibly states a claim that Carter, Liebel, Schilling, Basinger, and Lanham violated his rights under the Free Exercise Clause.

Further, Lambright alleges that Robert E. Carter, David Liebel, John Schilling, James Basinger, Julie Lanham, Mark Sevier, Michael Shultz, and Chaplain Blummer violated his rights under the Free Exercise Clause by preventing him from participating in religious services and observing religious holidays. Specifically, he alleges that there are no Jewish chaplains, menorahs, Jewish calendars, and Jewish literature at the Westville Correctional Facility chapel. Notably, plaintiffs must allege that these

defendants were personally involved in the alleged constitutional deprivation to proceed on claims against them. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). However, the complaint does not suggest that any defendant was personally involved in any decision related to chaplains or religious items. Because the complaint does not describe how the defendants were personally involved, Lambright cannot proceed on this claim.

Additionally, Lambright alleges that Robert E. Carter, David Liebel, John Schilling, James Basinger, Julie Lanham, Mark Sevier, Michael Shultz, and Chaplain Blummer violated his rights under the Establishment Clause because, at the Westville Correctional Facility, there is at least one religious service per day for Christians but there are no Jewish books in the chapel. "The Establishment Clause guarantees that the government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which establishes a state religion or religious faith, or tends to do so." *Kerr v. Farrey*, 95 F.3d 472, 476 (7th Cir. 1996). "The Establishment Clause also prohibits the government from favoring one religion over another without a legitimate secular reason." *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005). Here, too, the complaint lacks any explanation as to how the defendants were personally involved with the Establishment Clause claim. As a result, Lambright cannot proceed on this claim.

Lambright also seeks an injunctive order directing the defendants to continue providing his kosher diet, to make Jewish services available, and to observe Jewish holidays. The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords

even broader protections than the First Amendment. This act prohibits governmental actors from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 135 S. Ct. 853 (2015). A restriction imposes a substantial burden on an inmate's religious practice when it "seriously violates or contradicts an inmate's religious beliefs." *West v. Grams*, 607 F. App'x 561, 567 (7th Cir. 2015). Though money damages and injunctive relief are available under the First Amendment, only injunctive relief is available under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Lambright cannot proceed on his claim for an injunction directing correctional staff to observe Jewish holidays because it is too vague to state a claim under RLUIPA. He does not provide a list of holidays, nor does he explain how correctional staff should observe them or how these omissions impose a burden on his religious practices. Further, because there is no indication that Lambright's kosher diet is likely to be discontinued, he may not proceed on that injunctive relief claim. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Nevertheless, Lambright may proceed against Commissioner Carter on an injunctive relief claim for Jewish religious services.

As a final matter, before the amended complaint was filed, Commissioner Carter filed a motion to dismiss. In the motion, the defendant argues that Lambright cannot proceed on an injunctive relief claim for a kosher diet because he is now receiving a

4

kosher diet. As set forth above, Lambright no longer proceeds on this claim, and the motion to dismiss is denied as moot.

For these reasons, the court:

(1) DENIES as moot the motion to dismiss (ECF 9);

(2) GRANTS Kristopher Lambright leave to proceed on a claim against Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham for money damages for violating his rights under the Free Exercise Clause by depriving him of a kosher diet from May 9, 2018, to August 12, 2018;

(3) GRANTS Kristopher Lambright leave to proceed on a claim for injunctive relief against Robert E. Carter in his official capacity to make religious services available to him to the extent required by Religious Land Use and Institutionalized Persons Act;

(4) DISMISSES Mark Sevier, Michael Shultz, and Chaplain Blummer;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 13) as required by 28 U.S.C. § 1915(d); and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kristopher Lambright has been granted leave to proceed in this screening order.

SO ORDERED on October 11, 2018.

س/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT