UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KRISTOPHER LAMBRIGHT,

Plaintiff,

v.

CAUSE NO.: 3:18-CV-553-PPS-MGG

INDIANA DEPT. OF CORRECTION, et al.,

Defendants.

OPINION AND ORDER

Kristopher Lambright, a prisoner without a lawyer, filed an amended complaint. At this stage of the proceedings, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (italics omitted). Though Lambright did not have leave to amend his complaint, I will construe the amended complaint as including a request for leave and will consider whether leave should be granted.

Lambright now proceeds on a claim against Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham for money damages for violating his rights under the Free Exercise Clause by depriving him of a kosher diet from May 9, 2018, to August 12, 2018. ECF 19. He also proceeds on a claim for injunctive relief against Robert E. Carter in his official capacity to make religious services available to him to the extent required by Religious Land Use and Institutionalized Persons Act. *Id.* In the proposed amended complaint, he omits these claims entirely, apparently seeking to replace these claims with a claim that he is being served a kosher diet that lacks sufficient nutritional value. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void.").

Notably, Lambright does not describe how the defendants were personally involved with the kosher diet menu but instead vaguely alleges that they oversee the kosher diet. "It is well established that there is no respondeat superior liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Rather, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Therefore, the proposed amended complaint does not state a claim against any defendant.

Additionally, Lambright represents that he chose not to submit a grievance about the kosher diet, reasoning that it would have been impractical because the kosher diet is a departmental issue rather than a facility issue. Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing

lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Significantly, the grievance procedure expressly contemplates food service-related grievances at the departmental level:

> Examples of issues about which an offender may initiate the grievance process include, but are not limited to: [t]he substance and requirements of policies, procedures, and rules of the Department or facility (including but not limited to, correspondence, staff treatment, medical or mental health, some visitation, and food service).

Indiana Department of Correction, Offender Grievance Process, available at https://www.in.gov/idoc/files/00-02-301%20Grievances%20%2010-1-2017.pdf. Moreover, even if Lambright believed that submitting a grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez*, 182 F.3d at 536 (emphasis in original) ("No one can *know* whether administrative requests will be futile; the only way to find out is to try."). Therefore, even if the proposed amended complaint stated a plausible claim, I could not consider it because Lambright did not exhaust his administrative remedies.

Finally, I observe that the claims in the proposed amended complaint and the claims on which Lambright now proceeds involve different periods of time and different types of harms. I also observe that Lambright filed the proposed amended complaint nearly a month after the deadline for amended pleadings and that he offers no explanation for the delay. Considering untimely nature and the futility of the

3

proposed amended complaint as well as the prejudice to the defendants, I deny Lambright leave to proceed on the proposed amended complaint.

For these reasons, the court:

(1) DENIES the request for leave to amend the complaint; and

(2) DIRECTS the clerk to edit ECF 50 to indicate that it is a Proposed Amended Complaint.

SO ORDERED.

ENTERED: May 20, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT