UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KRISTOPHER LAMBRIGHT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-553-PPS-MGG |
| STATE OF INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Kristopher Lambright, a prisoner without a lawyer, proceeds on a claim against Robert E. Carter, David Liebel, John Schilling, James Basinger, and Julie Lanham for violating his rights under the Free Exercise Clause by depriving him of a kosher diet from May 9, 2018, to August 12, 2018. He also proceeds on a claim for injunctive relief against Robert E. Carter in his official capacity to make religious services available to him to the extent required by Religious Land Use and Institutionalized Persons Act (RLUIPA). The defendants filed an amended motion for summary judgment, arguing that Carter, Basinger, Lanham, and Schilling were not personally involved with Lambright's kosher diet application and that Liebel processed Lambright's kosher diet application in accordance with the class action settlement agreement in *Witmer v. Commissioner of the Indiana Department of Correction*, 1:09-cv-815 (S.D. Ind. filed July 1, 2009). For the reasons stated below, summary judgment will be granted on the First Amendment claim. The injunctive relief claim remains in the case for now pending further action from the parties.

Factual Background

At all relevant times, Carter, Basinger and Lanham served as commissioners or deputy commissioners for the Indiana Department of Correction. ECF 13 at 1-2. Schilling served as the director of contract compliance, and Liebel served as the director of religious services. ECF 72-9 at 1; ECF 72-10 at 1. On May 9, 2018, Lambright arrived at the Westville Correctional Facility. ECF 13 at 3. On May 22, Lambright applied for a kosher diet in accordance with his Jewish faith. *Id.* at 3-4; ECF 72-1 at 3. On July 23, Liebel approved Lambright's application.[1] ECF 72-9 at 2. Lambright was then placed on the kosher diet list for the Westville Correctional Facility. ECF 99 at 2. On July 26, Schilling's office received the list, and a compliance manager forwarded it the next day to the warden, deputy warden, director of food services, and food service manager at the Westville Correctional Facility. *Id.* Lambright did not begin receiving a kosher diet until August 12. ECF 13 at 4.

In an affidavit, Liebel acknowledged some delay in processing Lambright's application but attested that he acted in accordance with the class action settlement agreement in *Witmer v. Commissioner of the Indiana Department of Correction*, 1:09-cv-815 (S.D. Ind. filed July 1, 2009). ECF 72-9 at 2. *Witmer* was a class action lawsuit for injunctive relief against the Indiana Department of Correction on behalf of inmates seeking a kosher diet for religious purposes. ECF 72-11 at 1. On July 27, 2016, the United

---

[1] In his response to interrogatories, Liebel represents that this approval occurred on July 10, but, in his affidavit, he represented that it occurred on or before July 23. ECF 72-1 at 3; ECF 72-9 at 2. Construing the evidence in the light most favorable to Lambright, I will assume that the approval occurred on July 23 for purposes of this summary judgment order.

States District Court for the Southern District of Indiana approved a settlement agreement pertaining to the Department's application and revocation processes, which provides in relevant part:

> It is anticipated that decisions on kosher applications will be made in fewer than 60 days. In the event that the process takes longer than 60 days the prisoner will receive a kosher diet pending the final decision of the DOC on the kosher application.

ECF 72-11 at 5; ECF 72-12.

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

Lambright asserts a claim against Carter, Liebel, Schilling, Basinger, and Lanham for violating his rights under the Free Exercise Clause by depriving him of a kosher diet from May 9, 2018, to August 12, 2018. "[T]he protections of the Free Exercise Clause pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 532 (1993). "The Free Exercise

3

Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (quotations omitted). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

To start, the record contains no evidence that Carter, Basinger, Lanham, and Schilling were personally involved in processing Lambright's application or providing him with a kosher diet. Lambright responds that they are responsible by virtue of their positions within the Department of Correction, but, in Section 1983 cases, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Consequently, these defendants are entitled to summary judgment on the Free Exercise claim.

As for defendant Liebel, he argues that summary judgment is proper because he processed Lambright's kosher diet application in accordance with the *Witmer* settlement agreement and thus did not impose a substantial burden on Lambright's religious beliefs. As the Seventh Circuit has found:

> At a minimum, a substantial burden exists when the government compels a religious person to perform acts undeniably at odds with fundamental tenets of his religious beliefs. But a burden on religious exercise also arises

4

> when the government puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. Construing the parallel provision in RLUIPA, we have held that a law, regulation, or other governmental command substantially burdens religious exercise if it bears direct, primary, and fundamental responsibility for rendering a religious exercise effectively impracticable.
>
> * * *
>
> [T]he substantial-burden test under RFRA focuses primarily on the *intensity of the coercion* applied by the government to act contrary to religious beliefs. Put another way, the substantial-burden inquiry evaluates the coercive effect of the governmental pressure on the adherent's religious practice and steers well clear of deciding religious questions.

*Korte v. Sebelius*, 735 F.3d 654, 682–83 (7th Cir. 2013) (quotations and citations omitted).[2] In other words, "a burden must be more than a mere inconvenience to rise to the level of a constitutional injury; it must place significant pressure . . . to forego religious precepts or to engage in religious conduct." *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 999 (7th Cir. 2006) (quotation marks and citation omitted). "When the state forces a prisoner to choose between adequate nutrition and religious practice, it is imposing a substantial burden on his religious practice . . . ." *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019).

Significantly, Lambright does not allege that State officials refused to provide him with a kosher diet. Instead, his claim is they dawdled in the process. Construing the evidence in the light most favorable to Lambright, Leiber approved of the kosher diet application sixty-two days after its submission in substantial compliance with the

---

[2] Though the *Korte* court discusses the term "substantial burden" in the context of the Religious Freedom Restoration Act, the term originated from judicial decisions interpreting the Free Exercise Clause. *Korte*, 735 F.3d at 671.

5

*Witmer* agreement.³ Federal courts have routinely held that "where a delay in providing an inmate with a religious diet is brief and caused by ordinary administrative delay, the inmate's religious rights are not violated." *Tapp v. Stanley*, No. 04-CV-6400 CJS, 2008 WL 4934592, at *7 (W.D.N.Y. Nov. 17, 2008) (collecting cases). This is true even in cases where the duration of the administrative delay exceeded the delay of sixty-two days here. *See, e.g., Green v. Paramo*, No. 18-cv-00480-BAS-AGS, 2018 WL 6062359, at *4 (S.D. Cal. Nov. 20, 2018) (five months delay); *Tapp*, 2008 WL 4934592, at *1-*3, *7 (three and a half month delay); *McCormack v. Myers*, No. 6:06-2344-HFF-WMC, 2007 WL 1704905, at *4 (D.S.C. June 12, 2007) (two and a half months delay). Given the duration of the delay and Lieber's substantial adherence to the *Witmer* agreement, I cannot characterize his actions as anything more than ordinary administrative delay. Because the delay attributable to Leiber did not violate Lambright's rights under the Free Exercise Clause, the motion for summary judgment is granted with respect to Lieber.

As a final matter, the injunctive relief claim for religious services remains. Though the defendants did not move for summary judgment on this claim, it is unclear whether this omission was inadvertent. Further, Lambright notified the court of his transfer to the South Bend Community Reentry Center. ECF 94. Due to this change in circumstances, the claim may no longer be viable, or he may no longer wish to pursue

---

³ Lieber was arguably two days late under the *Witmer* agreement. Based on a strict construction of the sixty-day deadline, Lieber would have needed to approve the application by June 21, 2018, but he complied with the deadline under the counting rules set forth in Fed. R. Civ. P. 6. This is because June 21, 2018, fell on a Saturday, and Lieber approved the application on the following Monday. It is unclear whether the counting rules set forth in the Federal Rules of Civil Procedure are applicable, but it would not be unreasonable to interpret the court-approved settlement agreement as incorporating them.

it. Considering this uncertainty, I will order the parties to file a status report on how they intend to proceed on this claim. If Lambright intends to continue his pursuit, the parties should indicate whether they believe that a settlement conference would be beneficial in resolving this claim. Additionally, because the record presently contains no information regarding his access to religious services at the South Bend facility, Lambright is cautioned that declining to file a status report will likely result in the dismissal of this claim under Fed. R. Civ. P. 56(f).

For these reasons, the court:

(1) DIRECTS the clerk to terminate the motion for summary judgment (ECF 72);

(2) GRANTS the amended motion for summary judgment (ECF 75);

(3) DISMISSES David Liebel, John Schilling, James Basinger, and Julie Lanham;

(4) GRANTS Kristopher Lambright until August 24, 2020, to a file a status report with respect to the injunctive relief claim; and

(5) GRANTS the Commissioner of the Indiana Department of Correction until September 7, 2020, to file a response.

SO ORDERED.

ENTERED: August 3, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT